**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY J. GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:12-cv-00624-GMN-PAL |
| ) | |
| COUNTRYWIDE BANK, N.A.; ) | **ORDER** |
| RECONTRUST COMPANY; MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEMS, ) | |
| INC; and U.S. BANK, NATIONAL ) | |
| ASSOCIATION, *Trustee on behalf of* MASTR ) | |
| Adjustable Rate Mortgages Trust 2007-3, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is an action arising out of the foreclosure proceedings initiated against Plaintiff Jeffrey J. George's property, filed against Defendants Countrywide Bank, N.A. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company ("ReconTrust"), and U.S. Bank, National Association, *Trustee on behalf of* MASTR Adjustable Rate Mortgages Trust 2007-3 ("U.S. Bank") (collectively, "Defendants").

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 7), which was originally filed in state court before this action was removed to this Court. Defendants filed a Response before this Court (ECF No. 5), and Plaintiff filed a Reply (ECF No. 11).[1]

The Court heard the parties' oral arguments on May 10, 2012, and orally denied the motion. This Order memorializes the Court's denial of the motion.

/ / /

---

[1] At the May 20, 2012, hearing, Plaintiff explained that although the Reply (ECF No. 11) and the Complaint (ECF No. 1-1) both refer to a motion for temporary restraining order, there is no such motion pending before the Court. Instead, Plaintiff explained, a motion for temporary restraining order was filed and denied in the state court before the action was removed.

## I.   BACKGROUND

In the Complaint, Plaintiff alleges four causes of action against Defendants. The causes of action do not have headings indicating the legal basis for the claim, nor do they clearly distinguish between Defendants against whom the claims are alleged, but they appear to be: (1) violations of NRS Ch. 107 et seq., Nevada's foreclosure statute; (2) violations of NRS Ch. 598, et seq., Nevada's Deceptive Trade Practices Act; (3) intentional interference with contractual relationship; and (4) slander of title. Plaintiff requests injunctive relief and declaratory relief.

Attached to the Complaint as Exhibits 1-7, Plaintiff submits what appears to be an illegible copy of the Note, a copy of the Deed of Trust, the Notice of Default, Substitution of Trustee, Assignment, Notice of Trustee's Sale, and another Assignment. (Exs. 1-7 to Pl.'s Compl., ECF No. 1-1.)

The Deed of Trust names ReconTrust as Trustee, Countrywide as Lender, and MERS as the beneficiary/nominee on behalf of the Lender, Countrywide. (Ex. 2 to Pl.'s Compl.) The Notice of Default was recorded by ReconTrust "as agent for the Beneficiary" on July 31, 2008. (Ex. 3 to Pl.'s Compl.) The Notice of Default states the basis as Plaintiff's "failure to pay the installment of principal and interest which became due on 3/01/2008." (Ex. 3 to Pl.'s Compl.)

The Substitution of Trustee recorded August 5, 2008, purports to substitute ReconTrust as Trustee, although ReconTrust was the original named Trustee in the Deed of Trust. (Ex. 4 to Pl.'s Compl.) The Notice of Trustee's Sale was recorded December 30, 2010, setting a sale date of January 18, 2011. (Ex. 6 to Pl.'s Compl.)

Plaintiff's Complaint alleges that a Trustee's Sale was scheduled for April 23, 2012, but no documentation of this Trustee's Sale was submitted to the Court. At the May 10, 2012, hearing, the parties agreed that the Trustee's Sale did not take place on April 23, 2012, and may be rescheduled.

On June 30, 2010, and again on January 20, 2011, MERS assigned the beneficial interest under the Deed of Trust to U.S. Bank. (Exs. 5, 7 to Pl.'s Compl.)  These Assignments were recorded on July 20, 2010, and January 24, 2011, respectively. (Exs. 5, 7 to Pl.'s Compl.)

## II.    LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Furthermore, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III.   DISCUSSION

The basis for each of Plaintiff's four causes of action appears to be the foreclosure proceedings and documentation.  Accordingly, if the foreclosure proceedings and documentation are found to be in order, and no violations are found, all four of Plaintiff's claims will fail.

### *First Cause of Action*

In Plaintiff's first cause of action, Plaintiff alleges that Defendants violated NRS 107.085(3)(b), which is contained within NRS 107.085, providing for "[r]estrictions on trustee's power of sale concerning certain trust agreements."  Plaintiff states that this statute "requires that a copy of the promissory note be attached to the Notice of Trustee's Sale served upon the person who hold [sic] the title of record," which is partially correct, but incomplete.  The requirements of NRS 107.085, which was enacted in 2003, only apply to "a transfer in trust of an estate in real property," and Plaintiff does not allege that this action is in regard to a transfer in trust, either in the briefs or at oral argument.  Accordingly, and because the foreclosure documents appear to

satisfy the remaining applicable requirements of NRS 107, Plaintiff has presented no basis for the Court to find that a violation of NRS 107 has occurred.[2] Therefore the Court cannot find that Plaintiff is likely to succeed on this cause of action.

### *Second Cause of Action*

In Plaintiff's second cause of action, Plaintiff alleges that "Defendants engaged in deceptive acts or practices by preparing and executing the false and ineffectual Assignment and other mortgage documents . . . in which Defendant's employees misrepresented that they had signed the document in the presence of a notary public under oath when they had not done so," and that that Defendants "caus[ed] the Notice of Default to be recorded when Defendants were not authorized to do so by the Note Holder."

Plaintiff, however, alleges no facts to support this claim. At the May 10, 2012, hearing, Plaintiff argued that discovery was necessary to determine the facts for this claim, and argued that the experiences of Plaintiff's counsel in other cases provided a basis for this claim. The Court does not find this argument persuasive, nor sufficient to establish the plausibility of the claims alleged in the instant case.

---

[2] At the May 10, 2012, hearing, the Court reminded Plaintiff's counsel of the requirements of Federal Rule of Civil Procedure 11, and particularly Rule 11(b):
>  (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances***:
>    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>    (2) ***the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law***;
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Plaintiff also alleges that the execution of these mortgage documents breached Defendants' obligations under NRS 598, including 598.0915(5), which prohibits "[k]nowingly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods for service of sales," 598.0915(15), which prohibits "[k]nowingly mak[ing] any other false representation in a transaction," and 598.092(8), which prohibits "[k]nowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction" in the course of his or her business or occupation.

Here also, Plaintiff has presented no factual allegations to support this claim. Moreover, courts in this District have recognized that Nevada's Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services, and Plaintiff does not cite any case law to the contrary. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."); *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, (D. Nev. July 15, 2011) (N.R .S. § 598 "does not cover a mortgage foreclosure").

Therefore, for the reasons stated above, the Court cannot find that Plaintiff is likely to succeed on this cause of action.

***Third Cause of Action***

In Plaintiff's third cause of action, Plaintiff alleges that Defendants ReconTrust and U.S. Bank "committed intentional acts intended to or designed to disrupt Plaintiff's contractual relationship with [Countrywide]" when MERS purported to transfer or assign the interest in the Note.

In Nevada, intentional interference with contractual relations requires a plaintiff to establish five elements: "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

Plaintiff appears to allege that the contract at issue here is the loan Note, and that the parties to the contract are Plaintiff and Defendant Countrywide. It is not clear in what way Plaintiff is alleging that Defendants ReconTrust and U.S. Bank interfered, since Defendants all contend that these Defendants acted as agents of Countrywide, and the documents submitted to the Court appear to demonstrate this. Plaintiff has not alleged any facts contradicting this.

Furthermore, since the Court finds that Plaintiff has not made a sufficient showing that the foreclosure proceedings and documents were likely improper, the Court cannot find that Plaintiff is likely to show that there was any actual disruption of the contract, much less intentional acts designed to do so. Accordingly, the Court cannot find that Plaintiff is likely to succeed on this cause of action.

*Fourth Cause of Action*

In Plaintiff's fourth cause of action, Plaintiff alleges that Defendants ReconTrust and MERS disparaged Plaintiff's title to his home by issuing the Notice of Default on July 31, 2008, without authority. Plaintiff alleges that this constitutes a false and malicious communication, and that ReconTrust knew or acted in reckless disregard of the truth or falsity of the statements in the Notice of Default.

Plaintiff also alleges that the Notice of Default "is statutorily defective because it does describe Plaintiff's alleged failure in performance." Even if Plaintiff intended to allege that the Notice of Default is "statutorily defective because it does NOT describe Plaintiff's alleged failure. . ." the Court cannot find that Plaintiff is likely to succeed on this claim, since the Notice

of Default states the basis as Plaintiff's "failure to pay the installment of principal and interest which became due on 3/01/2008." (*See* Ex. 3 to Pl.'s Compl.)  At the May 10, 2012, hearing, Plaintiff did not deny that this was a correct statement or that Plaintiff has failed to make payments since March 2008.

Finally, Plaintiff alleges that ReconTrust and MERS knew that they did not have any grounds to believe that Plaintiff owed them any money on the Note, that ReconTrust and MERS do not know who the actual investors on the Note and Deed of Trust are, and that they do not know how much is owed or how much has been discharged on the Note.

In Nevada, "[t]he requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

The Court does not find that Plaintiff is likely to succeed on this claim because Plaintiff has not made a sufficient showing that any of the statements in the foreclosure documents are false, much less maliciously spoken.

## IV.   CONCLUSION

Here, Plaintiff's motion fails in that he cannot show that he is likely to succeed on the merits, nor has he shown that there are serious questions going to the merits.  The foreclosure proceedings appear to have been conducted properly according to statute, and Plaintiff alleges no facts supporting any of his conclusory allegations of deceptive acts or practices or acts intended to disrupt a contractual relationship.

Although losing one's home and property is a serious hardship representing irreparable harm, enjoining Defendants from exercising any rights they may have relating to the property would also represent a hardship, and Plaintiff does not show that the balance of hardships is on his side.  Finally, the Court does not find that an injunction in this case is in the public interest.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 7) is **DENIED**.

**DATED** this 30th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge