UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY J. GEORGE,<br><br>        Plaintiff,<br>  vs.<br><br>COUNTRYWIDE BANK, N.A.; RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; and U.S. BANK, NATIONAL ASSOCIATION, *as Trustee of* MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-3; DOES I-X and ROE CORPORATIONS, I-X,<br><br>        Defendants. | Case No.: 2:12-cv-00624-GMN-PAL<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against Plaintiff Jeffrey J. George's property, filed against Defendants Countrywide Bank, N.A. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company ("ReconTrust"), and U.S. Bank, National Association *as Trustee of* MASTR Adjustable Rate Mortgages Trust 2007-3 ("U.S. Bank") (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss (ECF No. 14) and Motion to Expunge Lis Pendens (ECF No. 17). Both motions are fully briefed.

**I.  BACKGROUND**

In the Complaint, Plaintiff alleges four causes of action against Defendants. The causes of action do not have headings indicating the legal basis for the claim, nor do they clearly distinguish between Defendants against whom the claims are alleged, but they appear to be: (1) violations of NRS Ch. 107 et seq., Nevada's foreclosure statute; (2) violations of NRS Ch. 598, et seq., Nevada's Deceptive Trade Practices Act; (3) intentional interference with

1   contractual relationship; and (4) slander of title.

2   Attached to the Complaint as Exhibits 1-7, Plaintiff submits what appears to be an
3   illegible copy of the Note, a copy of the Deed of Trust, the Notice of Default, Substitution of
4   Trustee, Assignment, Notice of Trustee's Sale, and another Assignment. (Exs. 1-7 to Pl.'s
5   Compl., ECF No. 1-1.)

6   The Deed of Trust names ReconTrust as Trustee, Countrywide as Lender, and MERS as
7   the beneficiary/nominee on behalf of the Lender, Countrywide. (Ex. 2 to Pl.'s Compl.)  The
8   Notice of Default was recorded by ReconTrust "as agent for the Beneficiary" on July 31, 2008.
9   (Ex. 3 to Pl.'s Compl.)  The Notice of Default states the basis for default as Plaintiff's "failure to
10  pay the installment of principal and interest which became due on 3/01/2008." (Ex. 3 to Pl.'s
11  Compl.)

12  The Substitution of Trustee recorded August 5, 2008, purports to substitute ReconTrust as
13  Trustee, although ReconTrust was the original named Trustee in the Deed of Trust. (Ex. 4 to Pl.'s
14  Compl.)  The Notice of Trustee's Sale was recorded December 30, 2010, setting a sale date of
15  January 18, 2011. (Ex. 6 to Pl.'s Compl.)

16  Plaintiff's Complaint alleges that a Trustee's Sale was scheduled for April 23, 2012, but
17  no documentation of this Trustee's Sale was submitted to the Court.  At the May 10, 2012,
18  hearing, the parties agreed that the Trustee's Sale did not take place on April 23, 2012, and may
19  be rescheduled.

20  On June 30, 2010, and again on January 20, 2011, MERS assigned the beneficial interest
21  under the Deed of Trust to U.S. Bank. (Exs. 5, 7 to Pl.'s Compl.)  These Assignments were
22  recorded on July 20, 2010, and January 24, 2011, respectively. (Exs. 5, 7 to Pl.'s Compl.)

23  **II.   LEGAL STANDARD**

24  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a
25  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v.*

*Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

 "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp.*

*Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

The basis for each of Plaintiff's four causes of action appears to be the foreclosure proceedings and related documentation: (1) violations of NRS Ch. 107 et seq., Nevada's foreclosure statute; (2) violations of NRS Ch. 598, et seq., Nevada's Deceptive Trade Practices Act; (3) intentional interference with contractual relationship; and (4) slander of title.  Accordingly, if the foreclosure proceedings and its documentation are found to be in order, and no violations are found, all four of Plaintiff's claims will fail.  As discussed below, the Court finds that the publicly recorded documents presented to the Court contradict Plaintiff's claims and render implausible the violations alleged by Plaintiff.  Accordingly, the motion to dismiss will be granted.

*First Cause of Action –*

In Plaintiff's first cause of action, Plaintiff alleges that Defendants violated NRS 107.085(3)(b), which is contained within NRS 107.085, providing for "[r]estrictions on trustee's power of sale concerning certain trust agreements."  Plaintiff states that this statute "requires that a copy of the promissory note be attached to the Notice of Trustee's Sale served upon the person who hold [sic] the title of record," which is partially correct, but incomplete.  The requirements

of NRS 107.085, which was enacted in 2003, only apply to "a transfer in trust of an estate in real property," and Plaintiff does not allege that this action is in regard to a transfer in trust, either in the briefs or at oral argument, and Plaintiff abandons this argument in his response to the motion to dismiss (*see* ECF No. 19).  Instead, in opposing the motion to dismiss Plaintiff argues that "Defendants were not the beneficiary, the successor in interest of the beneficiary or the trustee when the Notice of Default was recorded" and that therefore Plaintiff has stated a cognizable claim for violation of Nevada's non-judicial foreclosure statute.  (Resp. to Mot. to Dismiss, 8:2-5, ECF No. 19.)

      Here, the Court finds that the foreclosure documents submitted by Plaintiff himself demonstrate Defendants' satisfaction of the applicable requirements of Chapter 107, and Plaintiff has presented no basis for the Court to find that a violation has occurred.  Plaintiff's lengthy discussion of securitization of the loan Note and citation to federal bankruptcy law, New York law and Massachusetts law includes no argument as to why these orders and opinions from state courts and non-binding federal courts warrant application to the facts and causes of action alleged here.  This failure is compounded by Plaintiff's mischaracterizations of the actual holdings and precedential value of the cited case law.  In the fourteen pages of discussion on this issue, Plaintiff does not describe any factual allegations that are not contradicted by the judicially noticeable publicly recorded documents submitted to the Court, and provides no legal authority to support his claim that Defendants violated Nevada's non-judicial foreclosure statute.  For these reasons, the Court must dismiss this cause of action.

      *Second Cause of Action* –

      In Plaintiff's second cause of action, Plaintiff alleges that "Defendants engaged in deceptive acts or practices by preparing and executing the false and ineffectual Assignment and other mortgage documents . . . in which Defendant's employees misrepresented that they had signed the document in the presence of a notary public under oath when they had not done so,"

and that that Defendants "caus[ed] the Notice of Default to be recorded when Defendants were not authorized to do so by the Note Holder."

Plaintiff, however, alleges no facts to support this claim.  At the May 10, 2012, hearing, Plaintiff argued that discovery was necessary to determine the facts for this claim, and argued that the experiences of Plaintiff's counsel in other cases provided a basis for this claim.  The Court did not find this argument persuasive, nor sufficient to establish the plausibility of the claims alleged in the instant case.  The Court's review and consideration of Plaintiff's opposition to the motion to dismiss demonstrates no additional facts to support this claim.

Plaintiff also alleges that the execution of these mortgage documents breached Defendants' obligations under NRS 598, including 598.0915(5), which prohibits "[k]nowingly mak[ing] a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods for service of sales," 598.0915(15), which prohibits "[k]nowingly mak[ing] any other false representation in a transaction," and 598.092(8), which prohibits "[k]nowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction" in the course of his or her business or occupation.

Here also, Plaintiff has presented no factual allegations to support this claim in his opposition or otherwise.  Moreover, courts in this district have recognized that Nevada's Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services, and Plaintiff does not cite any case law to the contrary. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."); *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. GreenPoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, (D. Nev.

July 15, 2011) (N.R .S. § 598 "does not cover a mortgage foreclosure").  Therefore, for the reasons stated above, the Court must dismiss this cause of action.

*Third Cause of Action* –

In Plaintiff's third cause of action, Plaintiff alleges that Defendants ReconTrust and U.S. Bank "committed intentional acts intended to or designed to disrupt Plaintiff's contractual relationship with [Countrywide]" when MERS purported to transfer or assign the interest in the Note.

In Nevada, intentional interference with contractual relations requires a plaintiff to establish five elements: "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

Plaintiff appears to allege that the contract at issue here is the loan Note, and that the parties to the contract are Plaintiff and Defendant Countrywide.  It is not clear in what way Plaintiff is alleging that Defendants ReconTrust and U.S. Bank interfered, since Defendants all contend that these Defendants acted as agents of Countrywide, and the documents submitted to the Court appear to demonstrate this.  Plaintiff has not alleged any facts contradicting this and provides none in the opposition to the motion to dismiss.

Furthermore, because the Court finds that Plaintiff has not made sufficient factual allegations showing that the foreclosure proceedings and documents were improper, the Court finds no facts to support a claim of actual disruption of the contract, much less intentional acts designed to do so.  Accordingly, the Court must dismiss this cause of action.

*Fourth Cause of Action* –

In Plaintiff's fourth cause of action, Plaintiff alleges that Defendants ReconTrust and MERS disparaged Plaintiff's title to his home by issuing the Notice of Default on July 31, 2008,

without authority.  Plaintiff alleges that this constitutes a false and malicious communication, and that ReconTrust knew or acted in reckless disregard of the truth or falsity of the statements in the Notice of Default.

Plaintiff also alleges that the Notice of Default "is statutorily defective because it does describe Plaintiff's alleged failure in performance."  Even if Plaintiff intended to allege that the Notice of Default is "statutorily defective because it does NOT describe Plaintiff's alleged failure . . . ," the Court cannot find that Plaintiff is likely to succeed on this claim, since the Notice of Default states the basis as Plaintiff's "failure to pay the installment of principal and interest which became due on 3/01/2008." (*See* Ex. 3 to Pl.'s Compl.)  At the May 10, 2012, hearing, Plaintiff did not deny that this was a correct statement or that Plaintiff has failed to make payments since March 2008.

Finally, Plaintiff alleges that ReconTrust and MERS knew that they did not have any grounds to believe that Plaintiff owed them any money on the Note, that ReconTrust and MERS do not know who the actual investors on the Note and Deed of Trust are, and that they do not know how much is owed or how much has been discharged on the Note.

In Nevada, "[t]he requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

The Court cannot find that Plaintiff has made a sufficient showing that any of the statements in the foreclosure documents are false, much less maliciously spoken.  Accordingly, this cause of action must be dismissed.

## IV.    CONCLUSION

Here, the foreclosure proceedings appear to have been conducted properly according to statute, as shown by the judicially noticeable and publicly recorded foreclosure documents

submitted to the Court by Plaintiff and Defendants.  Furthermore, Plaintiff alleges no facts supporting any of his conclusory allegations of deceptive acts or practices or acts intended to disrupt a contractual relationship.  Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 14) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff is given leave to amend by **Thursday, April 11, 2013**, if Plaintiff can cure the deficiencies identified in this Order.  Failure to amend by this deadline will result in dismissal of the action with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 17) is **DENIED without prejudice**.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge